**MDL** 1917

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV 29 2007

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

IN RE: CATHODE RAY TUBE (CRT)   )
ANTITRUST LITIGATION            )
_____)

                 MDL No._____

## PLAINTIFF CRAGO, INC.'S NOTICE OF MOTION AND MOTION FOR TRANSFER OF RELATED ACTIONS TO THE NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1407 FOR CONSOLIDATED PRETRIAL PROCEEDINGS

Pursuant 28 U.S.C. § 1407, Crago, Inc. (hereinafter "Crago" or "Plaintiff")
hereby moves for the Judicial Panel on Multidistrict Litigation to transfer all actions
asserting claims arising from anticompetitive conduct by the manufacturers of cathode
ray tube ("CRT") products, for consolidated pretrial proceedings in the Northern
District of California.

As set forth in further detail in Plaintiff's Memorandum of Points and
Authorities, consolidated proceedings in the Northern District of California are
appropriate under 28 U.S.C. § 1407 (a) because:

1.    Actions have been filed in the Northern District of California and
Southern District of New York alleging substantially similar factual claims arising out
of defendants' conspiracy to fix, raise, maintain, and/or stabilize the price of CRT
Products in the United States;

2.    The centralization of these actions in a single judicial district for
consolidated pretrial proceedings is in the interests of justice, is most convenient for

OFFICIAL FILE COPY
IMAGED NOV 2 9 2007

the parties and will allow a single court to determine the common factual and legal issues in these actions; and

      3.     The Northern District of California is the best forum for the centralization of these actions because (a) its judiciary is equipped to handle the consolidated action, and (b) it is the most convenient forum to conduct this litigation.

This motion shall be based on the supporting Memorandum, all other papers in the Judicial Panel's file in this proceeding, and all such oral and documentary evidence as the Judicial Panel may entertain.

DATED: November 26, 2007      By: _Bruce Simon by Bally Pong_

                                    Bruce L. Simon
                                    Esther L. Klisura
                                    PEARSON, SIMON, SOTER,
                                      WARSHAW & PENNY, LLP
                                    44 Montgomery Street, Suite 1200
                                    San Francisco, CA 94104
                                    Telephone:     (415) 433-9000
                                    Facsimile:  (415) 433-9008

Bruce L. Simon
Esther L. Klisura
PEARSON, SIMON, SOTER,
   WARSHAW & PENNY, LLP
44 Montgomery Street, Suite 1200
San Francisco, CA 94104
Telephone:    (415) 433-9000
Facsimile:  (415) 433-9008

Clifford H. Pearson
Gary S. Soter
Daniel L. Warshaw
PEARSON, SIMON, SOTER,
   WARSHAW & PENNY, LLP
15165 Ventura Boulevard, Suite 400
Sherman Oaks, CA 91403
Telephone: (818) 788-8300
Facsimile:  (818) 788-8104

P. John Brady
Daniel D. Owen
SHUGHART THOMSON &
   KILROY, P.C.
Twelve Wyandotte Plaza
120 West 12th Street
Kansas City, Missouri 64105
Telephone: (816) 421-3355
Facsimile:  (816) 374-0509

*Attorneys for Plaintiff and the Proposed Direct Purchaser Class*

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV 29 2007

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

IN RE: CATHODE RAY TUBE (CRT) )
ANTITRUST LITIGATION )
_____ )

MDL No._____

### PLAINTIFF CRAGO. INC.'S MEMORANDUM IN SUPPORT OF
### MOTION FOR TRANSFER OF RELATED ACTIONS TO
### THE NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO
### 28 U.S.C. § 1407 FOR CONSOLIDATED PRETRIAL PROCEEDINGS

## I. INTRODUCTION

As of the date of this motion, class action lawsuits have been filed in the Northern District of California and the Southern District of New York, alleging that the leading manufacturers and producers of cathode ray tube ("CRT") products (hereinafter "Defendants") have engaged in anticompetitive conduct. These lawsuits arise out of a common nucleus of operative facts and contain substantially similar factual allegations that Defendants have conspired to raise, fix, maintain and stabilize the price of CRT Products at supracompetitive levels.

Consolidation of the these related antitrust actions in the Northern District of California by the judicial panel is appropriate under 28 U.S.C. § 1407 for the following reasons: (1) the actions involve numerous common questions of fact; (2) consolidation of the actions will be convenient for the parties and witnesses; and (3) consolidation of the actions will promote the just and efficient conduct of the litigation. Furthermore, the Northern District of California is best suited to conduct

this litigation because it is the judicial district most likely to serve the interests of the parties and promote the just and efficient conduct of this litigation. *See* 28 U.S.C. § 1407.

## II. STATEMENT OF FACTS

Cathode ray tubes ("CRTs") are contained in many electronic display products, including but not limited to, televisions, computer monitors, oscilloscopes, air traffic control monitors, and ATMs (hereinafter "CRT Products"). In November of 2007, antitrust enforcement authorities from around the world, including the United States, the European Commission, and Japan, conducted raids and served subpoenas on some of the leading CRT Product manufacturers.

Moving party, Crago, Inc., has filed an antitrust class action on behalf of *direct* purchasers of CRT Products in the Northern District of California. Plaintiff Andrew Kindt has filed a class action on behalf of *indirect* purchasers of CRT Products in the Southern District of New York. Both class actions seek to remedy harm inflicted upon the CRT market by Defendants' anticompetitive conduct. These two cases contain substantially similar allegations that CRT manufacturers have conspired to raise, fix, maintain, and stabilize the prices of CRT Products at anticompetitive levels. The cases name some common Defendants, including Matsushita Electrical Industrial Co., Ltd., Samsung SDI Co., Ltd., LP Displays International, Ltd., Toshiba Corp., and Toshiba America, Inc. The notable differences are that the direct purchaser complaint filed in the Northern District of California has a longer class period and names more defendants than the indirect purchaser complaint.

Given the large size of the CRT market and the number of persons and entities affected by the alleged wrongful conduct, Plaintiff Crago, Inc. believes additional similar cases are likely to be filed in the coming weeks.

/ / /

776357.1                                          2

## III. ARGUMENT

**A.    Transfer of the CRT Antitrust Lawsuits for Coordination and Consolidation is Appropriate Under 28 U.S.C. § 1407**

28 U.S.C. § 1407 (a), permits the Panel to transfer "civil actions involving one or more common questions of fact" to a single district "for the convenience of parties and witnesses and [to] promote the just and efficient conduct of such actions." Here, the Panel should transfer and consolidate these cases in a single district because: (1) the actions involve numerous common questions of fact; (2) consolidation will convenience the parties and witnesses; and (3) consolidation will promote the just and efficient conduct of such actions.

1.    These Actions Involve Multiple Common Questions of Fact

These cases arise out of the same nucleus of operative facts and share multiple common questions of fact. Namely, each of these cases asserts that the manufacturers of CRT Products conspired to artificially fix, maintain, raise, and stabilize the price of CRT Products sold in the United States. The common questions of fact in these cases include but are not limited to:

a.    Whether Defendants engaged in a contract, combination, and/or conspiracy to fix, raise, maintain, or stabilize prices of CRT Products sold in the United States;

b.    Whether Defendants engaged in secret meetings wherein they agreed to set, increase, or maintain the prices of CRT Products;

c.    Whether Defendants made false and misleading statements concerning the reasons for the anticompetitive pricing of the CRT Products in order to conceal the existence of the conspiracy and mislead the putative class;

d.    The identity of the participants in the alleged conspiracy;

e.    The length, extent, and duration of the alleged conspiracy; and

f.      Whether Defendants' conduct caused the prices of CRT Products sold in the United States to be at artificially high and noncompetitive levels.

These common issues of fact give the Judicial Panel the authority to order the transfer, consolidation and coordination of these actions to a single judicial district. *See e.g., In re Cement and Concrete Antitrust Litig.,* 437 F. Supp. 750 (J.P.M.L. 1977) (ordering transfer and consolidation of cases upon a finding of common questions of fact concerning the existence and scope of an antitrust conspiracy.) It is unlikely that any party will dispute that coordination is appropriate.

2.      Consolidation in a Single Judicial District Will Convenience the Parties and Witnesses in the Related Cases

Without transfer and consolidation of these cases, the Northern District of California and the Southern District of New York will each have to make separate inquiries into a substantially similar set of facts involving substantially similar parties and witnesses. These overlapping factual inquiries will undoubtedly inconvenience the parties and the witnesses as they will be forced to make multiple appearances in both California and New York to resolve the same issues. Maintaining the actions in a separate district is also likely to confuse the parties and witnesses who may be subjected to multiple rulings and protocols regarding the same factual and legal issues. Under these circumstances, coordination and consolidation of these cases into a single judicial district will convenience the parties by: (1) streamlining discovery; (2) preventing duplicative discovery requests and depositions; (3) preventing duplicative court appearances; and (4) sparing the parties and witnesses the expense and inconvenience of participating in litigation in New York, San Francisco, or other judicial districts where subsequent related actions may be filed.

3.    Consolidation will Promote the Just and Efficient Conduct of the Related
      Cases

Similarly, consolidation will promote the just and efficient conduct of these cases by preventing a multiple judicial inquiries into a common set of underlying facts. This will in turn promote efficiency by sparing the judiciary, the parties, and witnesses the burden of expending valuable time and resources conducting duplicative discovery and resolving common questions of fact. Furthermore, transfer and consolidation of the actions in a single district is also in the interest of justice because it will prevent the possibility of multiple inconsistent rulings on the common factual and legal issues in the related cases.

**B.    These Actions Should be Consolidated in the Northern District of California**

In choosing the district to locate the consolidated action the Panel considers which judicial district is best suited to promote the purpose of 28 U.S.C. § 1407 in ensuring convenience of the parties and the just and efficient conduct of the litigation. In this case, each of these considerations favor transfer of these cases to the Northern District of California because: (1) it is the most convenient forum for the parties and witnesses in this matter; and (2) it has the judicial resources and expertise to efficiently and judiciously conduct this antitrust litigation.

The Northern District of California's ability to accommodate the parties and witnesses in this case makes it the most convenient forum for conducting this litigation. The Northern District of California is a more convenient forum compared to the Southern District of New York because it is much closer to Japan, South Korea, and Taiwan, where a number of the Defendants and witnesses in this case reside. San Francisco International Airport has a number of daily non-stop flights to East Asia which will make travel to and from the proceedings in this case more convenient for the parties in this case. The Northern District of California is also the most convenient

forum for the American defendants named in this litigation such as Hitachi America, Ltd. – which has its principal place of business in Brisbane, California – and Samsung SDI Co., Ltd. – which has its principal place of business in the Irvine, California.

Furthermore, Plaintiff Crago, Inc. is informed and believes that an investigation into the alleged CRT price-fixing conspiracy is being conducted by the DOJ's Antitrust Division in the Northern District of California. Accordingly, any grand jury investigation into Defendants' anticompetitive conduct in the CRT industry, would most likely be empanelled in that district. Any documents submitted by Defendants to the grand jury would be located there as well.

The Northern District of California has substantial experience in conducting numerous consolidated antitrust class actions in the technology industry. *See eg. In re Dynamic Random Access Memory (DRAM) Antitrust Litigation* (MDL No. 1486), *In re Static Random Access Memory (SRAM) Antitrust Litigation* (MDL No. 1819 ), and *In Re TFT-LCD (Flat Panel) Antitrust Litigation* (MDL No. 1827). The Northern District of California also has a lighter aggregate total of consolidated MDL cases pending in the Southern District of New York. Furthermore, Judge Samuel Conti, the judge assigned to the direct purchaser case filed in the Northern District of California, is a Senior Judge with extensive experience in managing complex cases.

## IV.   CONCLUSION

For the aforementioned reasons, Plaintiff Crago, Inc. respectfully requests that the Judicial Panel order the consolidation of these apparently related antitrust class actions in the Northern District of California under 28 U.S.C. § 1407, "for the

/ / /

/ / /

/ / /

776357.1                                               6

convenience of parties and witnesses and to promote the just and efficient conduct of

such actions."

DATED:  November 26, 2007          By: _____

Bruce L. Simon
Esther L. Klisura
PEARSON, SIMON, SOTER,
   WARSHAW & PENNY, LLP
44 Montgomery Street, Suite 1200
San Francisco, CA 94104
Telephone:        (415) 433-9000
Facsimile:  (415) 433-9008

Clifford H. Pearson
Gary S. Soter
Daniel L. Warshaw
PEARSON, SIMON, SOTER,
   WARSHAW & PENNY, LLP
15165 Ventura Boulevard, Suite 400
Sherman Oaks, CA 91403
Telephone: (818) 788-8300
Facsimile:  (818) 788-8104

P. John Brady
Daniel D. Owen
SHUGHART THOMSON &
   KILROY, P.C.
Twelve Wyandotte Plaza
120 West 12th Street
Kansas City, Missouri 64105
Telephone: (816) 421-3355
Facsimile:  (816) 374-0509

*Attorneys for Plaintiff and the
Proposed Direct Purchaser Class*

776357.1                                    7

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV 29 2007

FILED
CLERK'S OFFICE

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**
**MDL-_____ - In re: Cathode Ray Tube (CRT) Antitrust Litigation**

| Case Captions | Court | Civil Action No. | Judge |
|---|---|---|---|
| **Plaintiff:**<br>Crago, Inc.<br>**Defendants:**<br>Chunghwa Picture Tubes, Ltd., Chunghwa Picture Tubes (Malaysia) Sdn. Bhd., Hitachi, Ltd., Hitachi America, Ltd., Hitachi Asia, Ltd., Irico Group Corp., Irico Display Devices Co., Ltd., LG Electronics, Inc., Matsushita Electric Industrial Co, Ltd., Panasonic Corporation of North America, Orion Electric Co., Ltd., Orion America, Inc., Koninklijke Philips Electronics N.V., Philips Electronics North America, Samsung SDI Co., Ltd., Samsung SDI America, Inc., Samtel Color, Ltd., Thai CRT Company, Ltd., Toshiba Corporation, Beijing-Matsushita Color CRT Company, Ltd., Matsushita Toshiba Picture Display Co., Ltd., and LP Displays International, Ltd. | N.D. California | 1:07-CV-5944 | Samuel Conti |
| **Plaintiff:**<br>Andrew Kindt<br>**Defendants:**<br>Matsushita Electric Industrial Co., Ltd.; Samsung SDI Co. Ltd.; LP Displays International, Ltd. (formerly LG Philips Displays); MT Picture Display Co, Ltd.; Toshiba Corp.;  Toshiba America, Inc. | S.D. New York | 1:07-CV-10322 | George B. Daniels |

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

2007 NOV 27  A 10: 49

RECEIVED
CLERK'S OFFICE

**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

IN RE: CATHODE RAY TUBE (CRT)    )
ANTITRUST LITIGATION           )
_____ )

    )

MDL No._____

## <u>NOTICE OF PRESENTATION OF ORAL ARGUMENT</u>

    This is to give notice that the undersigned attorney shall present oral argument at

the Panel hearing session on behalf of the following parties:

    1.     Crago Inc., Northern District of California, Case No. 1:07-CV-5944.

Dated:  November 26, 2007                  Respectfully submitted,

                                               Bruce L. Simon (bsimon@psswplaw.com)
                                               PEARSON, SIMON, SOTER,
                                                 WARSHAW & PENNY, LLP
                                             44 Montgomery Street, Suite 1200
                                           San Francisco, CA 94104
                                         Telephone:    (415) 433-9000
                                         Facsimile:    (415) 433-9008

                                         *Attorney for Crago Inc. and the Proposed*
                                         *Direct Purchaser Class*

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV 29 2007

FILED
CLERK'S OFFICE

# BEFORE THE JUDICIAL PANEL
# ON MULTIDISTRICT LITIGATION

)
**IN RE: CATHODE RAY TUBE (CRT)** )     **MDL No._____**
**ANTITRUST LITIGATION** )
_____)

## <u>REVISED PROOF OF SERVICE</u>

776485.1

I hereby certify that I caused to be served true and correct copies of the following:

1.    **PLAINTIFF CRAGO INCORPORATED'S NOTICE OF MOTION AND MOTION FOR TRANSFER OF RELATED ACTIONS TO THE NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1407 FOR CONSOLIDATED PRETRIAL PROCEEDINGS;**

2.    **PLAINTIFF CRAGO INCORPORATED'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR TRANSFER OF RELATED ACTIONS TO THE NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1407 FOR CONSOLIDATED PRETRIAL PROCEEDINGS;**

3.    **SCHEDULE OF ACTIONS; and**

4.    **NOTICE OF PRESENTATION OF ORAL ARGUMENT**

by U.S. Postal Service (except where noted otherwise) on this 27th day of November, 2007, on each of the following:

*CLERKS OF THE COURT:*

Hon. Samuel Conti
Clerk of the Court
United States District Court for the Northern District of California
450 Golden Gate, 16th Floor
San Francisco, CA 94102

Hon. George B. Daniels
Clerk of the Court
United States District Court for the Southern District of New York
500 Pearl Street, Room 630
New York, NY 10007

*Attorneys for Plaintiff ANDREW KINDT:*
Christopher Lovell (CL-2595)
Craig M. Essenmacher
Keith Essenmacher
500 Fifth Avenue, Floor 58
New York, NY 10110
Tel. (212) 608-1900

776485.1

*DEFENDANTS:*

**Chunghwa Picture Tubes, Ltd**.
No. 1127, Heping Rd.
Bade City, Taoyuan, Taiwan

**Chunghwa Picture Tubes (Malaysia) Sdn. Bhd.**
Lot 1, Subang Hi-Tech Industrial Park,
Batu Tiga, 4000 Shah Alam
Selangor Darul Ehsan, Malaysia

**Hitachi, Ltd.**
6-6, Marunouchi 1-chome
Chiyoda-ku, Tokyo, 100-8280, Japan

**Hitachi America, Ltd.**
2000 Sierra Point Parkway
Brisbane, California  94005-1845

**Hitachi Asia, Ltd.**
16 Collyer Quay, #20-00 Hitachi Tower
Singapore 049318

**Irico Group Corp.**
1 Caihong Rd.
Xianyang City, Shaanxi Province 712021

**Irico Display Devices Co., Ltd.**
No. 16, Fenghui South Road West
District High-tech Development Zone
Xi'an, SXI 710075

**LG Electronics, Inc.**
LG Twin Towers 20, Yeouido-dong, Yeongdeungpo-gu
Seoul, South Korea 150-721

**Matsushita Electric Industrial Co, Ltd.**
1006, Oaza Kadoma
Kadoma-shi, Osaka 571-8501, Japan

776485.1

**Panasonic Corporation of North America**
One Panasonic Way @ 7I-1
Secaucus, NJ  07094

**Agent for Service of Process for**
**Panasonic Corporation of North America**
CT Corporation System
818 West Seventh St.
Los Angeles, CA  90017

**Orion Electric Co., Ltd.**
41-1 Iehisa-cho Echizen-shi
Fukui 915-8555, Japan

**Orion America, Inc.**
Hwy 41 North, Orion Place
Princeton, Indiana  47670

**Koninklijke Philips Electronics N.V.**
Breitner Center, Amstelplein 2, 1096 BC
Amsterdam, The Netherlands

**Philips Electronics North America**
1251 Avenue of the Americas
New York, NY  10020

**Agent for Service of Process for**
**Philips Electronics North America**
Corporation Service Company Which Will
Do Business in California
As CSC – Lawyers Incorporating Service
P.O. Box 526036
Sacramento, CA  95852

**Samsung SDI Co., Ltd.**
575 Shin-dong, Youngtong-gu Suwon
Kyonggi, South Korea

776485.1

**Samsung SDI Co., Ltd.**
15-18th Floor, Samsung Life Insurance Building
150 Taepyungro, 2-99,
Jung-gu, Seoul, South Korea

**Samsung SDI America, Inc.**
3333 Michelson Drive, Suite 700
Irvine, CA  92612

**Samtel Color, Ltd.**
52, Community Centre, New Friends Colony
New Delhi-110065

**Thai CRT Company, Ltd.**
1/F 26 Siam Cement Rd.
Bangsue Dusit, Bangkok, Thailand

**Toshiba Corporation**
1-1, Shibaura 1-chome
Minato-ku, Tokyo 105-8001, Japan

**Beijing-Matsushita Color CRT Company, Ltd.**
No. 9 Jiuxianqiao N. Rd.
Dashanzi Chaoyang District
Beijing, China

**Matsushita Toshiba Picture Display Co., Ltd.**
1-1, Saiwai-cho
Takatsuki-shi, Osaka 569-1193, Japan

**LP Displays International, Ltd.**
6th Floor, ING Tower
308 Des Voeux Road Central
Sheung Wan, Hong Kong

**MT Picture Display Co., Ltd**
1-1, Saiwai-cho
Takatsuki-shi, Osaka 569-1193, Japan

776485.1

**Toshiba America, Inc.**
1251 Avenue of the Americas
Suite 4110
New York, NY  10020

Executed on November 27, 2007, at Sherman Oaks, California.

_____
Melissa S. Williams

776485.1